UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| JIM LEE III, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 1:13-cv-00400-JAW |
| GLENN ROSS, et al. | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

This matter is before the Court on Defendant Courtney Evans's motion to dismiss (ECF No. 19). Plaintiff has not filed an objection to the motion. Given that the 21-day deadline for filing objections to the motion has passed, Plaintiff has waived objection to the motion. Local Rule 7(b).

Plaintiff Jim Lee III, an inmate at a state facility, filed this action, pursuant to 42 U.S.C. § 1983, in which action Plaintiff asserted claims against Courtney Evans and others. (ECF No.1, 1-1.) Plaintiff appears to seek damages for incidents that occurred while he was in custody at the Penobscot County Jail. Plaintiff's subsequent motion to amend the complaint has been granted. (Motion to Amend and Proposed Amended Complaint, ECF No. 21, 21-1, 21-2; Order Granting Motion to Amend, ECF No. 23.)

In the amended complaint, Plaintiff does not assert a claim against Courtney Evans.[1] Indeed, in the amended complaint, Plaintiff does not name Evans as a defendant in either the

---

[1] Shortly after Defendant Evans filed a motion to dismiss, Plaintiff filed his motion to amend the complaint, stating in the motion that he wanted to withdraw parties and facts. (Motion to Amend, ECF No. 21.) The motion was Plaintiff's third filing of a motion to amend the complaint. The Court had previously terminated Plaintiff's first and

caption of the complaint or in Part III of the complaint form.  With the grant of the motion to amend complaint, therefore, Courtney Evans is effectively no longer a party to the action.

Fed. R. Civ. P. 21 states in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." *See Ziegler v. Akin*, 261 F.2d 88, 91 (10th Cir. 1958) (noting that "[t]he remedy available to improper parties is a motion to be dropped from the case"); *Waconda v. United States*, No. CIV 06-0101 JB/ACT, 2006 WL 4109670, at *3, 2006 U.S. Dist. Lexis 95649, at *7 (D. N.M. Aug. 28, 2006) ("Improper parties may move the court to be dropped from a law suit pursuant to [Fed. R. Civ. P. 21]."); Miller & Kane, 6 *Federal Practice and Procedure* § 1479 (3d ed. 1998).  Because in the amended complaint Plaintiff did not assert a claim against Courtney Evans, it is more appropriate to drop Courtney Evans as a party in accordance with Fed. R. Civ. P. 21, than to dismiss a claim or claims against her.  In other words, after the grant of the motion to amend complaint, no claims against Courtney Evans remain for the Court to dismiss.

Based on the foregoing analysis, therefore, the recommendation is that the Court, on its own motion pursuant to Fed. R. Civ. P. 21, drop Courtney Evans as a party to this action.  The further recommendation is that the Court dismiss as moot, Defendant Evans's motion to dismiss.

---

second motions to amend and, in its order terminating the second motion to amend, granted Plaintiff leave to file the most recent motion to amend that was granted. (Orders Terminating Motions to Amend, ECF Nos. 13, 18.) In the Order Terminating Ruling on Motion to Amend, the Court instructed Plaintiff, in his next motion to amend, to list all of the intended defendants in both the caption and Part III.C of the complaint form and to attach additional pages if necessary to include factual allegations that did not fit on the complaint form. (Order Terminating Ruling on Motion to Amend at 2, ECF No. 18.) In response to the Order Terminating Ruling on Motion to Amend, Plaintiff filed the motion to amend, attaching a proposed amended complaint that did not include Courtney Evans as a defendant.

# NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


March 6, 2014 　　　　　　　　　　　　　　/s/ John C. Nivison
　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge